## PALERMO ET AL. *v*. VILA.

### APPEAL from the District Court of Ponce.

No. 243.—Decided April 3, 1908.

APPEAL—EXTENSION OF TIME WITHIN WHICH TO FILE TRANSCRIPT OF RECORD.—
According to rule 50 of this court, the transcript of the record must be filed within 30 days, counting from the date on which the appeal is taken, and this term may be extended when there is sufficient reason therefor.

ID.—WHO MAY GRANT SUCH EXTENSIONS.—Either the Supreme Court or one of the justices thereof at chambers, or the trial court may extend the term, but after counsel moves the Supreme Court for an extension, he cannot subsequently go to the district court for the same purpose.

ID.—DISMISSAL.—This court may dismiss an appeal of its own motion for failure to comply with any of the sections of the rules either before or after the hearing, although, in this case, it is not inclined to do so since the respondent has not availed himself of his right to move for the dismissal of the appeal. Decided on the same grounds as those set forth in the opinion in case No. 227, *Palmero* v. *Vila,* decided April 3, 1908, page 269.

The facts are stated in the opinion.

*Mr. Boerman* for appellant.

*Mr. Parra Capó* for respondent.

Before considering this case on its merits let us examine some preliminary matters.

The transcript in this case was filed here on the 25th of January last. Previous to that date, on December 24, a motion was filed by counsel for the appellant, with an agreement of adverse counsel, stating that the time for filing the transscript would expire on December 26 and seeking an extension of the time for filing the same until January 20, 1908. This motion was granted by the Chief Justice, in Chambers, on December 26 last. Rule 50 of this court requires that transcript to be filed in this court within 30 days from the date at which notice of appeal is given. This time may be extended, for a good cause shown, by an order of the court. The time was extended by such order until January 20; but the appellant nevertheless delayed the filing of the transcript for

five days longer without an order or any reason shown. On January 16, 1908, it appears that the district judge approved an agreement of counsel to extend the time for filing the transcript until January 30, 1908. The counsel cannot apply first to the Supreme Court and then to the district court for extensions of time. This order of the district judge was made after the matter of extensions was submitted to this court and should have no effect. By rule 64 of this court it is provided that, upon the failure of the appellant to comply with any of the rules imposing any duty or requirement on him, the court may dismiss the appeal upon its own motion. This time is not limited to the day of the hearing. The dismissal may be made as well after as before the hearing. Had a motion been made by the counsel for respondent in due season this appeal would probably have been dismissed. And had the unreasonable delay been called to the attention of the court before the hearing on oral argument perhaps a similar disposition would have been made of the case. But after the hearing of the case, on oral argument, the court is loath to take such a course.

Then looking at the case upon its merits it must follow the similar case between the same parties No. 227 affirmed in this court to-day. The only material difference in the two cases is that the present suit was brought for temporary support while the other was for permanent maintenance. The facts as well as the law are the same in both. Then for the reasons stated in the opinion in the former case this also should be affirmed.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing in this case.